## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

|                          |   |                      |
|--------------------------|---|----------------------|
| ANDREW GUDZELAK,         | : |                      |
|                          | : |                      |
| Plaintiff,               | : |                      |
|                          | : |                      |
| v.                       | : | Civ. No. 12-1230-LPS |
|                          | : |                      |
| PNC BANK,                | : |                      |
|                          | : |                      |
| Defendant.               | : |                      |

Andrew Gudzelak, Wilmington, Delaware, Pro Se Plaintiff.

Kenneth E. Aaron, Esquire, Weir & Partners LLP,  Wilmington, Delaware.  Counsel for Defendant.

## **MEMORANDUM OPINION**

July 29, 2013
Wilmington, Delaware

STARK, U.S. District Judge:

I.    **INTRODUCTION**

Plaintiff Andrew Gudzelak ("Plaintiff") filed this action (D.I. 1) on October 1, 2012,

alleging mortgage fraud by Defendant PNC Bank ("Defendant) pursuant to Title 36.[1]  The Court

has jurisdiction pursuant to 28 U.S.C. § 1331.  Presently before the Court is Defendant's Motion

to Dismiss or, in the alternative, for a More Definite Statement (D.I. 4).  For the reasons that

follow, the Court will grant the Motion to Dismiss, and will give Plaintiff leave to amend.

II.    **BACKGROUND**

Plaintiff alleges that he entered into a mortgage agreement with Defendant on February 6,

2004.  He alleges that Defendant received "bailout disbursements" that were "allocated by the

United States government to aid in the financial turmoil surrounding mortgages and other

financial difficulties in the Nation."  (D.I. 1 at ¶ 4)  Plaintiff alleges that he was "forced into

foreclosure" by Defendant "by and thru one of its several assignees of the original mortgage,

which constitutes manifest fraud."  (*Id.* at ¶ 5)  Plaintiff perfected a security interest in the

property at issue pursuant to 6 Del. C. § 9-202.  (*Id.* at ¶ 8)

Plaintiff seeks a temporary restraining order "because of the manifest fraud presented by"

Defendant and to "prohibit the alleged fraud from continuing in the form of 'mortgage payments'

and/or demurring the obligation to repay" Plaintiff and make him whole.  (*Id.* at ¶7)  He also

seeks compensatory damages and treble damages.  Finally, Plaintiff alleges that he is "exempt

---

[1]Plaintiff provided this information on the Civil Cover Sheet, but did not provide a
complete statutory citation.

from any attempts" by Defendant "regarding any alleged mortgage payments, the propriety of the instant complaint, . . . or any other legal issues." (*Id.* at ¶ 12)

Defendant moves to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Plaintiff responded with a more definite statement (D.I. 6), wherein he invokes the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. L. No. 111-21, 123 Stat. 1617 (2009). In addition to mortgage fraud, he now states that Defendant engaged in security fraud pursuant to 18 U.S.C. § 1348(2). Plaintiff also refers to a case brought by the United States of America under the False Claims Act ("FCA"), 31 U.S.C. § 3729, entitled *United States v. Deutsche Bank, A.G.*, Civ. No. 11-2976-LAK (S.D.N.Y.), stating that, "essentially, the aforesaid cite represents the substance" of his claims in this action. As discussed below, Plaintiff's More Definite Statement did not cure the Complaint's pleading deficiencies.

## III.  **LEGAL STANDARDS**

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

2

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted).  Nor is the Court obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false." *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).  Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV.    DISCUSSION

Defendant moves for dismissal on the grounds that the Complaint contains conclusory and unsubstantiated allegations that fail to state a cause of action upon which relief may be granted.  While not clear, it appears the Plaintiff attempts to raise the following claims:

(1) violation of the Troubled Asset Relief Program ("TARP"), 12 U.S.C. § 5211, as enacted under the Emergency Economy Stabilization Program of 2008 ("EESA"), 12 U.S.C. ¶ 5201; (2) violation of the FCA; and (3) mortgage fraud

### A.      TARP and EESA

As Defendant notes, Plaintiff appears to be asserting a claim against it because Defendant received monies under TARP, as Plaintiff refers to "bailout disbursements" received by Defendant. (D.I. 1 at ¶ 4)  However, neither TARP nor EESA provide for a private right of action. *See Miller v. Chase Home Fin., LLC*, 677 F.3d 1113 (11th Cir. 2012); *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 636 (11th Cir. Aug. 19, 2010); *Dugger v. Bank of Am.*, 2010 WL 3258383, at *2 (E.D. Mo. Aug. 16, 2010).  Hence, to the extent Plaintiff is attempting to raise an EESA or TARP claim, these claims fail.  Amendment of these claims would be futile.

### B.      FCA

Plaintiff attempts to raise a claim under the False Claims Act, 31 U.S.C. § 3729, relying on *United States v. Deutsche Bank*, A.G., Civ. No. 11-2976-LAK (S.D.N.Y.). (*See* D.I. 1 at ¶ 6) A private individual, otherwise known as a relator, may bring a civil action in the name of the United States to enforce this provision of the FCA and may share a percentage of any recovery resulting from the suit. *See* 31 U.S.C. § 3730(b) & (d).  The primary purpose of the FCA is to indemnify the government – through its restitutionary penalty provisions – against losses caused by a defendant' fraud. *See United States ex rel. Wilkins v. United Health Group, Inc.*, 659 F.3d 295, 304-05 (3d Cir. 2011).

4

To establish a prima facie violation of the FCA under section 3729(a)(1), a plaintiff must prove that: "(1) the defendant presented or caused to be presented to an agent of the United States a claim for payment; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent." *Id.* at 305. A plaintiff may satisfy the fraud requirement by pleading the date, place, or time of the fraud, or by using an alternative means of injecting precision and some measure of substantiation into the allegations of fraud. *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). The Complaint here does neither of these things.

The FCA claim is deficiently pled. Therefore, the Court will grant the Motion to Dismiss the claim, but will give Plaintiff leave to amend this claim.

### C.  Mortgage Fraud

While not clear, it appears that Plaintiff is attempting to allege mortgage fraud, given his references to perfecting and filing a security interest under Delaware law for real property located in Wilmington, Delaware. (*See* D.I. 1 at ¶ 8) To state a claim for fraud under Delaware law, Plaintiff must allege: "(1) defendant made a false representation; (2) with knowledge or belief of its falsity or with reckless disregard for the truth; (3) with an intent to induce the plaintiff into acting or refraining from acting; (4) plaintiff reasonably relied upon the misrepresentation; and (5) plaintiff was damaged as a result of the reliance." *Segovia v. Equities First Holdings, LLC*, 2008 WL 2251218, at *21 (Del. Super. Ct. May 30, 2008).

The Complaint does not meet these pleading requirements. Nor does it meet the requirements for pleading fraud pursuant to Fed. R. Civ. P. 9(b), which requires that a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to

5

place the defendant on notice of the "precise misconduct with which [it is] charged." *Frederico*, 507 F.3d at 200.

Therefore, the Court will grant the Motion to Dismiss the mortgage fraud claim. Plaintiff will be given to amend this claim.

### D.    Securities Fraud

In Plaintiff's More Definite Statement, he appears to seek leave to amend to add a claim under 18 U.S.C. § 1348(2). This is a criminal statute which defines a federal crime. It does not provided a private cause of action for a civil Plaintiff. *See Troyer v. Hershberger*, 2012 WL 488251, at *8 (N.D. Oh. Feb. 14, 2012). Therefore, the Court will deny Plaintiff leave to amend to add this claim on the basis of futility of amendment.

### E.    Injunctive Relief

Plaintiff seeks injunctive relief pursuant to Fed. R. Civ. P. 65(b) on the grounds that an "order would prohibit the alleged fraud from continuing in the form of 'mortgage payments' an/or demurring the obligation to repay the plaintiff and make him whole." (D.I. 1 at ¶ 7) "A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999).

Plaintiff has failed to show an entitlement to injunctive relief, particularly as he has failed at this point to show a likelihood of success on the merits. Therefore, the Court will grant Defendant's Motion to Dismiss this portion of the Complaint.

6

## V.    CONCLUSION

For the above reasons, the Court will grant the Motion to Dismiss.  (D.I. 7)  Plaintiff will

be given leave to amend the False Claims Act and the mortgage fraud claims.  All other claims

are dismissed with prejudice.  The Court will deny Plaintiff leave to amend motion to the extent

that Plaintiff seeks to amend to add a criminal security fraud claim.

An appropriate Order will be entered.