IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANDREW GUDZELAK, | : |
| Plaintiff, | : |
| v. | : Civ. No. 12-1230-LPS |
| PNC BANK, | : |
| Defendant. | : |

Andrew Gudzelak, Wilmington, Delaware, Pro Se Plaintiff.

Jeffrey S. Cianciulli, Esquire, Kenneth E. Aaron, Esquire, Susan M. Verbonitz, Esquire, Weir & Partners LLP, Wilmington, Delaware.

    Attorneys for Defendant.

**<u>MEMORANDUM OPINION</u>**

March 23, 2015
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Andrew Gudzelak ("Plaintiff") filed this action on October 1, 2012, alleging mortgage fraud by Defendant PNC Bank ("Defendant"). (D.I. 1) The Court has jurisdiction pursuant to 28 U.S.C. § 1331. Pending before the Court is Defendant's Motion to Dismiss Based upon Amended Complaint. (D.I. 14) For the reasons that follow, the Court will grant the motion.

## II. BACKGROUND

In his original complaint, Plaintiff alleged that he entered into a mortgage agreement with Defendant on February 6, 2004, and that he was "forced into foreclosure" by Defendant, "by and thru one of its several assignees of the original mortgage, which constitutes manifest fraud." (D.I. 1 at ¶ 5) Defendant moved to dismiss the original complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively, for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Plaintiff responded with a more definite statement (D.I. 6), wherein he invoked the Fraud Enforcement and Recovery Act of 2009 ("FERA"), Pub. L. No. 111-21, 123 Stat. 1617 (2009). In addition to mortgage fraud, he stated that Defendant had engaged in security fraud pursuant to 18 U.S.C. § 1348(2). Plaintiff also referred to a case brought by the United States of America under the False Claims Act ("FCA"), 31 U.S.C. § 3729, captioned *United States v. Deutsche Bank, A.G.*, Civ. No. 11-2976-LAK (S.D.N.Y.), stating that, "essentially, the aforesaid cite represents the substance" of his claims in this action.

1

On July 29, 2013, the Court granted Defendant's motion to dismiss the complaint. (D.I. 7) In its Memorandum Opinion, the Court explained that Plaintiff did not have a private right of action under FERA or with respect to his security fraud allegations, and that he had not adequately pled his claims under the FCA or for mortgage fraud. (D.I. 7 at 4, 6) Plaintiff was given leave to amend his FCA and mortgage fraud claims. (D.I. 7 at 5-6) In his Amended Complaint, filed on August 20, 2013, Plaintiff did not elaborate on the FCA or mortgage fraud claims but, instead, raised several new claims. (D.I. 10) On August 22, 2013, Defendant moved to dismiss the Amended Complaint. (D.I. 14) On September 20, 2013, Plaintiff filed a Motion for Extension of Time to File Response/Reply as to Defendant's Motion to Dismiss. (D.I. 16) On March 24, 2014, the Court granted Plaintiff a 30-day extension (D.I. 17) but, to date, he has not filed any opposition to the pending motion.

## III. LEGAL STANDARDS

When a defendant fails to file an answering brief in response to a pending motion to dismiss within the time specified by the court, the defendant's case may be dismissed for failure to prosecute. *See, e.g., Riley v. Snyder*, 2003 WL 179997, *1 (D. Del. 2003) (dismissing defendant's case for failure to prosecute upon failure "to demonstrate the requisite good cause for his [two-year] silence"). Here, however, because Defendant's failure to file his response followed a six-month delay by the Court in granting Defendant's Motion for Extension of Time (D.I. 16, 17), the Court, in considering Defendant's pending motion to dismiss (D.I. 14), will address the merits of Plaintiff's Amended Complaint.

Evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to accept as true all material allegations of the complaint. *See Spruill v. Gillis*, 372

2

F.3d 218, 223 (3d Cir. 2004). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks omitted). Thus, the Court may grant such a motion to dismiss only if, after "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks omitted).

However, "[t]o survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At bottom, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). The Court is not obligated to accept as true "bald assertions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (internal quotation marks omitted), "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or allegations that are "self-evidently false," *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). For this reason, the Court will consider the new claims presented in the Amended Complaint and not limit its consideration to the FCA and mortgage fraud claims that Plaintiff was given leave to amend.

## IV. DISCUSSION

Plaintiff's Amended Complaint asserts the following claims: (1) violation of Sections 5(a), 5(m)(l)(a) and 13(b) of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 45(a), 45(m)(l)(A), 53(b); (2) violations of Sections 807-09 and 814 of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; (3) violations of Section 621(a) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s(a); and (4) violations of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2605, 2607-08, 2614.

Defendant moves for dismissal on the grounds that the Amended Complaint contains (1) allegations over which the Court lacks jurisdiction and (2) conclusory and unsubstantiated allegations that fail to state a claim on which relief may be granted. (D.I. 14)

### A. FTCA

Plaintiff complains of various generalized "unfair acts or practices" engaged in by Defendants in violation of the FTCA §§ 5(a), 5(m)(l)(a) and 13(b), 15 U.S.C. §§ 45(a), 45(m)(l)(A), 53(b), including: seeking to collect mortgage payments from Plaintiff after securitizing his mortgage (D.I. 10 at ¶ 4); profiting from myriad fees imposed on consumers through "aggressive practices" and obfuscation of how fees break down (*id.* at ¶¶ 5, 7, 8); the use

4

of "suspense" accounts that "divert borrower payments away from their mortgage payments" (*id.* at ¶ 6); failure to "timely and adequately acknowledge, investigate, and respond to" customer complaints (*id.* at ¶ 9); and failure to timely post payments to customers' accounts (*id.* at ¶¶ 10-11). Plaintiff does not allege that any of these "unfair acts or practices" were specifically directed toward him on any specific occasion.

As for individualized grievances, Plaintiff complains that Defendants sought to collect fees that were not owed by Plaintiff or not permitted by contract or other law. (*Id.* at ¶¶ 14-18) However, Plaintiff does not provide examples of any specific instances of the alleged misrepresentations. While many of Plaintiff's allegations closely track allegations made by the Federal Trade Commission ("FTC") against other lending institutions, *see, e.g., F.T.C. v. EMC Mortgage Corp.*, No. 4:08-CV-338 (E.D. Tex. Sept. 9, 2008), the FTCA does not provide for a private right of action, *see* 15 U.S.C. § 45; *see also F.T.C. v. Klesner*, 280 U.S. 19, 25 (1929). Hence, Plaintiff's claims under the FTCA fail and further elaboration of these claims would be futile.

### B. FDCPA

Plaintiff also raises claims under the FDCPA §§ 807-09, 15 U.S.C. § 1692(e-g), alleging that Defendant generally misrepresented debt and collection information and "used unfair or unconscionable means" of debt collection, including the collection of unauthorized amounts and failure to notify Plaintiff of his rights with respect to defaulted loans. (D.I. 10 at ¶¶ 21, 23) Plaintiff does not allege with any particularity instances in which he was individually subject to such practices. In any case, Defendant, an original creditor, is not governed by the FDCPA, which only governs third-party debt collectors. *See* FDCPA § 803(6), 15 U.S.C. § 1692(a).

5

Hence, Plaintiff's claims under the FDCPA §§ 807-09 fail and further elaboration of these claims would be futile.

Plaintiff further claims that the alleged violations of the FDCPA amount to violations of the FTCA pursuant to FDCPA § 814. (D.I. 10 at ¶ 24) This claim fails for the same reasons that Plaintiff's claims under FDCPA §§ 807-09 fail. Again, amendment would be futile.

### C. FCRA

Plaintiff appears to make conclusory assertions that Defendant violated FCRA § 621(a), 15 U.S.C. § 1681s(a), which Plaintiff alleges entitles him to monetary civil penalties. (D.I. 10 at ¶¶ 27-28) However, Section 621(a) may only be enforced by "the Federal agencies and officials and the State officials identified in section 1681s." FCRA § 621(d), 15 U.S.C. § 1681s(d). Hence, Plaintiff's claims under the FCRA fail and further elaboration of these claims would be futile.

### D. RESPA

Plaintiff appears to invoke the jurisdiction of RESPA § 16, 12 U.S.C. § 2614, in support of his prayer for relief. (*See* D.I. 10) Defendant points out that Plaintiff's reference to Section 16 of the RESPA is not supported by "any allegations upon which a claim under RESPA can be made." (D.I. 14 at ¶ 22) Section 16 of the RESPA provides individuals with a private right of action with respect to violations of Section 6 ("Servicing of Mortgage Loans and Admn. of Escrow Accounts"), 8 ("Prohibition against Kickbacks and Unearned Fees"), and 9 ("Title Companies"). 12 U.S.C. §§ 2605, 2607, 2608. While the allegations regarding mortgage securitization (D.I. 10 at ¶ 4) and unauthorized fees (*id.* at ¶¶ 5, 7, 8) might come within the scope of Sections 6 and 9, respectively, Plaintiff's generalized and conclusory allegations –

6

which merely track similar allegations made by the FTC against other lenders, *see, e.g.*, *EMC Mortgage Corp.* – do not exhibit sufficient particularity with respect to injuries suffered by Plaintiff to allow his claims to survive a motion to dismiss. In the absence of further clarification regarding the circumstances under which either (1) the alleged securitization of Plaintiff's mortgage did not comply with Section 6 or (2) the unauthorized fees were collected in violation of Section 9, Plaintiff's claims under the RESPA also fail. Given Plaintiff's failure to prosecute the action, the Court will not permit amendment at this time.

### E. Mortgage Fraud

Plaintiff's Amended Complaint does not sufficiently allege mortgage fraud. While unclear, it appeared that in his original complaint Plaintiff was attempting to allege mortgage fraud, given his references to perfecting and filing a security interest under Delaware law for real property located in Wilmington, Delaware. (*See* D.I. 1 at ¶ 8) To state a claim for fraud under Delaware law, a plaintiff must allege: "(1) defendant made a false representation; (2) with knowledge or belief of its falsity or with reckless disregard for the truth; (3) with an intent to induce the plaintiff into acting or refraining from acting; (4) plaintiff reasonably relied upon the misrepresentation; and (5) plaintiff was damaged as a result of the reliance." *Segovia v. Equities First Holdings, LLC*, 2008 WL 2251218, at *21 (Del. Super. Ct. May 30, 2008).

The Amended Complaint does not plead each of these elements. Nor does it meet the requirements for pleading fraud pursuant to Fed. R. Civ. P. 9(b), which obligate a plaintiff alleging fraud to state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the "precise misconduct with which [it is] charged." *Frederico*, 507

F.3d at 200. Under the circumstances, the Court will not provide Plaintiff yet another opportunity to amend his mortgage fraud claims.

### F. FCA

Plaintiff's Amended Complaint does not revisit the FCA claims or provide any further details regarding the date, place, or time of the alleged fraud. *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). His FCA claims, then, remain deficient. The Court will not provide another opportunity amend the FCA claims.

## V. CONCLUSION

For the reasons stated above, the Court will grant Defendant's motion to dismiss. An appropriate Order will be entered.